**BERNARDSVILLE QUARRY,**
Appellant,

v.

**BOROUGH OF BERNARDSVILLE.**

No. 90–5783.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit Rule 12(6)
Feb. 22, 1991.

Decided March 8, 1991.

Clifford W. Starrett, Schenck, Price, Smith & King, Morristown, N.J., for appellant.

Richard P. Cushing, Gebhardt & Kiefer, Clinton, N.J., Dennis A. Cipriano, West Orange, N.J., for appellee.

Before GREENBERG and COWEN, Circuit Judges, BUCKWALTER, District Judge *.

* Honorable Ronald L. Buckwalter, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

OPINION OF THE COURT

COWEN, Circuit Judge.

This appeal concerns the propriety of the district court's dismissal of a complaint filed by Bernardsville Quarry, Inc. ("BQI"). BQI sued the Borough of Bernardsville (the "Borough") in federal court on May 31, 1988. In response to the Borough's motion, the district court dismissed BQI's federal action on August 13, 1990, because BQI had sued the Borough in a separate action based on the same underlying facts in the New Jersey Superior Court and lost. The district court concluded that under *Migra v. Warren City School Dist. Bd. of Educ.*, 465 U.S. 75, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984), it was required to accord the same preclusive effect to the state adjudication as would the courts of New Jersey, in accordance with the federal full faith and credit statute, 28 U.S.C. § 1738.

The district court had jurisdiction under 28 U.S.C. §§ 1331 and 1343. Our jurisdiction is predicated on 28 U.S.C. § 1291. Because we agree that the district court was required to accord the same preclusive effect to the state adjudication as would the courts of New Jersey, and that under New Jersey law, BQI would be precluded from relitigating its claims against the Borough, we will affirm the dismissal of BQI's complaint.

I.

In its federal complaint, BQI alleged that the Borough was depriving it of rights protected by the Fifth and Fourteenth Amendments in violation of the Constitution by refusing to grant BQI a Certificate of Occupancy and Use for a parcel of property which BQI hoped to exploit as a quarry to the greatest extent commercially practicable. BQI sought a declaratory judgment that a local ordinance which limited the use of BQI's quarry operations to a certain depth was unconstitutional. In addition, BQI sought damages under 42 U.S.C. § 1983.

BQI's federal complaint was the second prong of a two-prong attack against the Borough and the local ordinance which limited quarry operations to a specified depth. A few days before filing the federal suit, BQI filed a similar suit in the Superior Court of New Jersey. In state court, BQI sought relief similar to the relief requested in the federal suit based not only on federal and constitutional rights, but also on the added grounds that the restriction in quarry operations violated state law and a number of rights guaranteed by the state constitution.

In January 1989, the Borough filed a motion in the district court seeking an abstention, or in the alternative, a stay pending resolution of the state action. The district court denied the motion and ordered the parties to proceed with discovery. When the state action went to trial on April 18, 1989, however, the district court stayed the federal action pending resolution of the state case. Final judgment in the state action was entered on January 8, 1990. The Superior Court found that the ordinance limiting the depth of quarry operations was a valid exercise of police power and that the Borough was not liable under section 1983 for damages.

After the Superior Court entered its January 8, 1990 order, the Borough moved to dismiss the federal complaint. The district court granted the motion on August 13, 1990. In an Opinion and Order of Dismissal, the district court concluded that under *Migra*, 465 U.S. 75, 104 S.Ct. 892, 79 L.Ed.2d 56, it was required to accord the same preclusive effect to the state adjudication as would the courts of New Jersey, in accordance with the federal full faith and credit statute, 28 U.S.C. § 1738, and that under New Jersey law, BQI would be precluded from relitigating its claims against the Borough. We agree.

## II.

■ Initially, we must determine what legal precepts control the disposition of this case. BQI, on the one hand, contends that we are dealing in this case with an *England* reservation and that the district court erred by applying the principles of *Migra*. See *England v. Louisiana State Board of Medical Examiners*, 375 U.S. 411, 84 S.Ct. 461, 11 L.Ed.2d 440 (1964) (any party to a litigation may reserve his right under abstention doctrine to return to federal court to litigate the federal issues where the federal court has abstained pending resolution of a parallel state court action). The Borough, on the other hand, argues that *Migra* controls.

BQI's argument that this case involves an *England* reservation is flawed for two reasons. First, an *England* reservation only applies where the district court abstains. Here, the district court did not abstain. In fact, the district court expressly refused to abstain or stay its proceedings while the state proceedings moved forward on a parallel track. Second, a party is generally required to inform the *state* court that it intends to return to federal court for litigation of its federal claims, in the event that the state court rules against it. *England*, 375 U.S. at 421–22, 84 S.Ct. at 467–68. Here, BQI failed to inform the state court that it wished to pursue its federal claims in federal court.[1] These two factors in addition to the record as a whole lead us inextricably to the conclusion that BQI unreservedly litigated its federal claims in state court and thereby elected to forego its right to return to federal court, so that even if the *England* reservation rubric were applicable, BQI would not be entitled to return to federal court in this case. We will therefore apply the *Migra* analysis to determine whether the court was justified in dismissing BQI's complaint.

## III.

■ In *Migra*, 465 U.S. at 81, 104 S.Ct. at 896, the Supreme Court stated that "It is now settled that a federal court must give

---

**1.** BQI has quoted from the record of a proceeding before the district court to support its assertion that it took an *England* reservation. As we have said before, however, the party wishing to make an *England* reservation must make his intention known to the state court, not the federal court.

to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Id.* The only question then is whether another New Jersey court would have allowed BQI to raise its federal claim in a subsequent state court action. We conclude that it would not.

Pursuant to the Entire Controversy Doctrine under New Jersey law, a plaintiff is precluded from litigating in a subsequent proceeding both claims that it actually litigated and claims that it could have litigated in an earlier proceeding. *See Woodward–Clyde Consultants v. Chemical & Pollution Sciences, Inc.,* 105 N.J. 464, 472–73, 523 A.2d 131 (1987) (quoting *William Blanchard Co. v. Beach Concrete Co.,* 150 N.J.Super. 277, 292, 375 A.2d 675 (App. Div.), *cert. denied,* 75 N.J. 528, 384 A.2d 507 (1977)). To the extent then that BQI did not adjudicate every aspect of its federal claims, it is now barred from raising them again. Of course, if the district court had abstained, BQI could have avoided the effect of the Entire Controversy Doctrine by informing the state court of its intention to return to federal court to litigate its federal claims. But, that course was not open to BQI because the district court elected not to abstain. Accordingly, BQI had but one choice when the state action went to trial—which was to litigate every claim it had to the best of its ability— which, judging from the record, BQI did skillfully. Unfortunately for BQI, it did not prevail. BQI cannot avoid the consequences of its failure to prevail in state court by taking a second bite of the apple now. We will therefore affirm the judgment of the district court dismissing this case in its entirety.