**D.K.**

v.

**ROSELAND BOARD OF EDUCATION,**
and West Orange Board of
Education.

**Civ.A. No. 95–5152 (NHP).**

United States District Court,
D. New Jersey.

Oct. 30, 1995.

Herbert D. Hinkle, Lawrenceville, NJ, for Plaintiff.

Stephen J. Christiano, Board of Education, West Orange, NJ, for Defendant West Orange Board of Education.

Gloria L. Buxbaum, Riker, Danzig, Scherer, Hyland & Perretti, Morristown, NJ, for Defendant Roseland Board of Education.

### LETTER OPINION

### ORIGINAL ON FILE WITH CLERK OF THE COURT

POLITAN, District Judge.

Dear Counsel:

This matter is presently before the Court on plaintiff D.K.'s application for an Order to Show Cause why the decision of the Administrative Law Judge ("ALJ") dismissing West Orange Board of Education as a defendant should not be reversed. I heard oral argument on October 25, 1995, and reserved decision. For the reasons stated herein, plaintiff's application is **GRANTED,** and the decision of the ALJ is **REVERSED.**

### STATEMENT OF FACTS

This case arises out of the very fragile endeavor of educating a disabled child. Plaintiff, D.K., is an eleven year old child who has been diagnosed as neurologically impaired, manifested in autistic-like characteristics. Due to this impairment, plaintiff has previously required special education classes. Plaintiff attended third, fourth, and fifth grade classes in West Orange because his resident town, Roseland, did not have the necessary facilities. In accordance with state law, Roseland paid West Orange an out-of-town tuition to allow plaintiff to attend school.

On June 8, 1995, West Orange informed plaintiff that it could no longer accommodate him as a tuition student. West Orange expressed the opinion that plaintiff is capable of attending general education classes, thereby extinguishing his reason for attendance in the West Orange rather than Roseland school system. Subsequently, on June 20, 1995, the Department of Special Services conducted an Eligibility and Individual Education Plan ("IEP") study of plaintiff. The result of the study determined that plaintiff could attend general education classes with special attention received in a Resource Center. Accordingly, on June 22, 1995, defendant Roseland Board of Education notified plaintiff that, in light of the IEP evaluation, plaintiff's educational placement should be in Roseland.

Plaintiff filed a Motion for Emergency Relief with the Office of Administrative Law ("OAL"), objecting to the defendants' decision to remove plaintiff from the West Orange school system. A hearing was held on September 14, 1995, before the Honorable Thomas E. Clancy, A.L.J. The ALJ determined, among other things, that defendant West Orange should be dismissed from the case because "West Orange [was] acting purely as a provider of services ... at the behest of Roseland, because of the tuition arrangement that had been worked out." (Tr. 60, 20–23). In the Order, however, the ALJ reasoned that plaintiff could not maintain a cause of action against West Orange because it was not his domicile. The present application followed pursuant to 20 U.S.C. § 1415(e)(2).

### DISCUSSION

The issue presented by plaintiff's application is whether defendant was properly dismissed as a party to the action by the ALJ. Plaintiff argues that West Orange is a neces-

sary party to this action because the relief requested is that West Orange be directed to allow him to continue his education in its school system. Defendant West Orange argues that it is under no legal obligation to provide plaintiff with an education and, consequently, plaintiff's only cause of action ought to be against defendant Roseland.

N.J.S.A. 18A:38–1 provides that a child is entitled to a free public school education as provided by the school district in which he or she is domiciled. The board of education of residence is responsible for identifying handicapped children, N.J.S.A. 18A:46–6, and charged with providing suitable facilities for the education of handicapped children. N.J.S.A. 18A:46–13. Based on these statutory provisions, West Orange asserts that since plaintiff is not domiciled within its school district, it is not responsible for his education and therefore not a necessary party to this action.

■ Additionally, West Orange relies on a decision of the OAL, *N.A. v. Willingboro Board of Education*, in which an ALJ dismissed the plaintiff's request for a due process hearing because she was no longer a resident of the school district. 92 N.J.A.R.2d (EDS) 19, 1992 WL 257814 (1992). The *N.A.* plaintiff lived in Willingboro and sued the Willingboro Board of Education demanding that it educate her in Edgewater. *Id.* To assure a better education for the plaintiff, her mother moved to Edgewater so that the plaintiff could attend school there. *Id.* The plaintiff attempted to continue her suit against Willingboro, expressing an intention to move back to Willingboro. *Id.* The ALJ, however, determined that Willingboro no longer had an obligation to educate the plaintiff since she conceded that she now lived in Edgewater. *Id.* Therefore, the plaintiff's petition was dismissed. *Id.*

The case at hand is factually distinguishable because there is already an existing relationship between plaintiff and West Orange. West Orange had previously accepted plaintiff as a student even though he was not a resident. Also, West Orange instigated the termination of plaintiff's enrollment, thereby disturbing his planned course of education. These facts suggest that West Orange is more than an uninvolved school district in which plaintiff desires to enroll. *Contra N.A. v. Willingboro Bd. of Educ., supra.* Therefore, the more appropriate analysis is whether West Orange is a necessary and proper party to the litigation.

■ Neither the federal nor state procedural rules govern "due process" hearings before an ALJ. *A.N. v. Clark Board of Educ.*, 6 N.J.A.R. 360, 363 (1983); *L.P. v. Edison Bd. of Educ.*, 265 N.J.Super. 266, 277 n. 14, 626 A.2d 473 (Law Div.1993). Rather, the ALJ is guided by the Uniform Administrative Procedure Rules of Practice. *A.N.*, 6 N.J.A.R. at 363. There are no Administrative Procedure Rules expressly governing joinder of parties; however, the ALJ is bound by the standards of consolidation set forth in N.J.A.C. 1:1–17.3. *Id.* at 364. Administrative consolidation focuses on the identity of parties, nature of the case, and advisability of disposing of all aspects of a case in a single proceeding as per the Entire Controversy Doctrine. *Id.* Therefore, the ALJ in *A.N.* recognized that a review of the consolidation provision requires an analysis of mandatory and permissive joinder under New Jersey Court Rules 4:28 and 4:29. *Id.*

New Jersey Court Rule 4:28–1 describes the necessary joinder of parties needed for just adjudication of the issues. In pertinent part, the Rule provides that "[a] person who is subject to service of process shall be joined as a party to the action if (1) in the person's absence complete relief cannot be accorded among those already parties...." N.J.Ct.R. 4:28–1(a)(1). The New Jersey Rule mirrors the Federal Rule of Civil Procedure 19(a)(1). The Advisory Committee Notes appended to the Federal Rule explain that its purpose is not only to aid individual relief, but also to protect the public from "repeated lawsuits on the same essential subject matter." Fed. R.Civ.P. 19 advisory committee's note.

■ In accordance with the reasoning of these Rules, West Orange should remain a defendant in this action. Plaintiff has specifically requested that he be allowed to continue his education in the West Orange School District. The crux of plaintiff's argument is that it is his familiarity with the student body

in the West Orange school which he requires to advance his education in spite of his neurological impairment. Therefore, West Orange's argument that Roseland may determine that plaintiff may be more appropriately placed in a third, unfamiliar school district is illogical. Accordingly, I find that West Orange should not have been dismissed from this action.

To hold otherwise would essentially render plaintiff's claim moot because without West Orange in the case, the ALJ has no authority to grant the relief requested. West Orange is the pivotal defendant in this case because defendant Roseland has conceded that if West Orange allowed plaintiff to attend its school, Roseland would continue to pay his tuition. (Tr. 50, 4–7). It is West Orange which instigated plaintiff's change in educational plan, and who essentially is barring plaintiff from its school. Therefore, West Orange should not be dismissed from the case.

 Furthermore, plaintiff is required to include West Orange as a defendant in this action in accordance with New Jersey's expansive Entire Controversy Doctrine ("ECD"). The ECD requires that a litigant assert in one action all related claims against all parties or be precluded from bringing a second action. *Melikian v. Corradetti,* 791 F.2d 274, 279 (3d Cir.), *cert. denied,* 498 U.S. 821, 111 S.Ct. 69, 112 L.Ed.2d 43 *reh'g denied,* 498 U.S. 1017, 111 S.Ct. 594, 112 L.Ed.2d 598 (1990). Accordingly, all claims which arise out of the same common nucleus of operative facts must be resolved in a single action. *Bennun v. Rutgers State Univ.,* 941 F.2d 154, 165 (3d Cir.), *cert. denied,* 502 U.S. 1066, 112 S.Ct. 956, 117 L.Ed.2d 124 (1992). The ECD is embodied in New Jersey Court Rule 4:30A, which provides:

> [N]on-joinder of claims *or parties* required to be joined by the entire controversy doctrine shall result in the preclusion of the omitted claims to the extent required by the entire controversy doctrine.

N.J. Court R. 4:30A (emphasis added).

 The ECD precludes not only claims that were brought in a previous litigation, but also related claims that could have been litigated in that previous action. *See Bernardsville Quarry v. Borough of Bernardsville,* 929 F.2d 927, 930 (3d Cir.), *cert. denied,* 502 U.S. 861, 112 S.Ct. 182, 116 L.Ed.2d 144 (1991); *Printing Mart–Morristown v. Rosenthal,* 650 F.Supp. 1444, 1447 (D.N.J.1987), *aff'd,* 856 F.2d 184 (3d Cir.1988). Furthermore, the ECD mandates the joinder of " 'all parties with a material interest, one that can affect or be affected by the judicial outcome of a legal controversy.' " *DiTrolio v. Antiles,* 142 N.J. 253, 267, 662 A.2d 494 (1995) (citing *Cogdell v. Hospital Ctr.,* 116 N.J. 7, 23, 560 A.2d 1169 (1989)). "It is the core set of facts that provide the link between distinct claims against the same or different parties and triggers the requirement that they be determined in one proceeding." *Id.* "[I]f parties or persons will, after final judgment is entered, be likely to have to engage in additional litigation to conclusively dispose of their respective bundles of rights and liabilities that derive from a single transaction or related series of transactions, the omitted components of the dispute or controversy must be regarded as constituting an element of one mandatory unit of litigation." *Id.*

Plaintiff's claim arises out of the single occurrence of West Orange discontinuing his education, and directing him to attend school in Roseland. Any claims which plaintiff has against West Orange and Roseland, therefore, must be asserted in a single cause of action to conform with the ECD. If plaintiff were required to adjudicate the matter solely against Roseland, an additional proceeding based on the same facts would potentially have to be instituted against West Orange. In a second suit, West Orange could argue that it was not bound by the ALJ's decision because it had not been a party to the previous action. Worse yet, plaintiff could be barred by the ECD from bringing an action against West Orange. In such a situation, plaintiff would have convinced the ALJ it is in the child's best interest that he attend school in West Orange, yet he would be precluded from doing so. The greatest of all evils occurs when plaintiff, an innocent child, is irreparably harmed. The Court, in good conscience, cannot allow this to happen.

West Orange has accepted the responsibility of educating plaintiff for three years. It is precisely because West Orange was the "provider of services" that it should be estopped from now arguing that it cannot be held accountable for its termination of plaintiff's education. The ALJ's sparse explanation of the dismissal of West Orange appears to be based on a lack of privity argument. Defendant West Orange argued that there was no formal contract between it and plaintiff; therefore, it was not obligated to continue plaintiff's education. However, through a course of conduct, West Orange willingly embarked on the important endeavor of educating plaintiff, and accepted payment from Roseland for that task. Accordingly, the Court cannot allow West Orange to assert the position that it is not accountable to plaintiff.

## CONCLUSION

For the foregoing reasons, plaintiff's application to maintain West Orange Board of Education as a defendant is **GRANTED,** and the decision of the ALJ dismissing defendant is **REVERSED.**