104 F.3d 355
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
In the Matter of ANONYMOUS, Plaintiff-Appellant,
v.
Judith S. KAYE, Chief Judge, Joseph W. Bellacosa, Carmen
Beauchamp Ciparick, Howard A. Levine, Richard D. Simons,
George Bundi Smith, Vito J. Titone, individually and in
their official capacity of Judges of the Court of Appeals of
the State of New York, Chief Justice Wilentz, Justice
Clifford, Justice Handler, Justice Pollock, Justice O'Hern,
Justice Garibaldi, Justice Stein, individually and in their
official capacity as Judges of the Supreme Court of the
State of New Jersey, Seton Hall University School of Law, a
Corporation of the State of New Jersey, The Trustees of
Seton Hall University School of Law, Dean Ronald R. Riccio,
individually and in their official capacities, Defendants-Appellees.
 No. 95-9295.
 United States Court of Appeals, Second Circuit.
 Dec. 23, 1996.
 
 1
 Appeal from the United States District Court for the Southern District of New York (John F. Keenan, Judge).
 
 
 2
 APPEARING FOR APPELLANT:Michael S. Barth, Pro Se, Liberty Corner, NJ.
 
 
 3
 APPEARING FOR APPELLEES, Carolyn C. Olson, Assistant New York State Judges: Attorney General State of New York, New York, NY.
 
 
 4
 APPEARING FOR APPELLEES, On Submission. New Jersey Supreme Court:
 
 
 5
 APPEARING FOR APPELLEES, On Submission. Seton Hall University defendants:
 
 
 6
 S.D.N.Y.
 
 
 7
 AFFIRMED.
 
 
 8
 PRESENT: CARDAMONE, PARKER, Circuit Judges, and WEXLER,* District Judge.
 
 
 9
 This cause came to be heard on the transcript of record from the United States District Court for the Southern District of New York and was argued by appellant pro se and counsel for defendants-appellees New York State Judges.
 
 
 10
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court be and it hereby is AFFIRMED.
 
 
 11
 Pro se appellant appeals from the judgment of the United States District Court for the Southern District of New York, which dismissed appellant's First Amended Complaint.
 
 
 12
 Appellant is a New Jersey resident who seeks to take the New York State Bar Exam. The New York State Board of Law Examiners denied appellant's application to take the exam because appellant's law school, Seton Hall University School of Law ("Seton Hall"), refused to forward a law school "Certificate of Attendance" as well as a certified sample of appellant's handwriting. The Board of Law Examiners requires both the certificate and the handwriting sample before it will grant an applicant permission to take the bar exam.
 
 
 13
 Seton Hall refused to provide the certificate and the handwriting sample because appellant had not satisfied the school's residency requirements for graduation. Appellant's failure to satisfy those requirements arose out of an incident that occurred in the summer of 1993, while appellant was enrolled in an Administrative Law course that had a take-home final exam. The professor of that course determined that in his answer to the exam, appellant had plagiarized the Supreme Court brief that was submitted in the original case. The professor reported the plagiarism to Associate Dean Michael J. Zimmer. Zimmer decided that appellant would receive a failing grade in the course and would be suspended from law school for one year. Seton Hall's Probation and Grievance Committee upheld the finding that plaintiff had plagiarized, but it recommended that the suspension not be enforced. The Dean of Seton Hall, Ronald J. Riccio, ultimately decided not to enforce the suspension.
 
 
 14
 In August 1993, appellant sued Associate Dean Zimmer in New Jersey Superior Court. In that action, appellant alleged that a letter that Zimmer had written to appellant, which outlined the finding of plagiarism, was defamatory. Therefore, the lawsuit was based on the theory that appellant had not committed plagiarism. Appellant did not include Seton Hall or Dean Riccio in the state court lawsuit. On June 30, 1994, the Superior Court granted Zimmer's motion for summary judgment. That judgment was affirmed by the New Jersey Appellate Division on March 24, 1995.
 
 
 15
 On April 20, 1994, appellant commenced the instant matter in the Southern District of New York. Appellant's First Amended Complaint asserted claims against three defendants-appellees: Seton Hall and Dean Riccio ("Seton Hall"); then-Justices of the New Jersey Supreme Court ("NJ Justices"); and then-Judges of the New York State Court of Appeals ("NYS Judges").
 
 
 16
 1. Relying upon New Jersey's "entire controversy doctrine," the district court granted Seton Hall's motion to dismiss the claims against it on the grounds of res judicata. This court reviews that decision de novo. See Cameron v. Fogarty, 806 F.2d 380, 384-85 (2d Cir.1986).
 
 
 17
 Under the full faith and credit clause, a federal court presented with a state court judgment must give that judgment the same force and effect that it would have in the state where it was rendered. See Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 81 (1984). New Jersey's entire controversy doctrine requires all claims arising out of the same controversy to be joined in a single action. See Lubrizol Corp. v. Exxon Corp., 929 F.2d 960, 965 (3d Cir.1991); Bernardsville Quarry v. Borough of Bernardsville, 929 F.2d 927, 930 (3d Cir.1991).
 
 
 18
 The claims that appellant asserted against Seton Hall in the district court action arise out of appellant's plagiarism and subsequent disciplinary proceedings. Under the entire controversy doctrine, therefore, appellant should have included those claims in the lawsuit instituted in New Jersey Superior Court. Because appellant failed to include Seton Hall in that lawsuit, the district court is barred from hearing those claims. See Lubrizol Corp., 929 F.2d at 965; Bernardsville, 929 F.2d at 930.
 
 
 19
 2. The district court dismissed the claims against the NJ Justices on the grounds that the court lacked personal jurisdiction over the Justices pursuant to Fed.R.Civ.P. 12(b)(2). This Court reviews the district court's decision to dismiss the claims for lack of personal jurisdiction de novo. See Robinson v. Overseas Military Sales Corp., 21 F.3d 502, 507 (2d Cir.1994).
 
 
 20
 Appellant's claims against the NJ Justices arise under 46 U.S.C. § 1983. Because § 1983 does not provide for service of process beyond state borders, the district court requires authorization from the state long-arm statute, N.Y. C.P.L.R. § 302, before it may exercise personal jurisdiction over the out-of-state defendants-appellees. See Omni Capital Int'l v. Rudolf Wolff & Co., 484 U.S. 97, 105 (1987).
 
 
 21
 Pursuant to § 302, a party may be subject to personal jurisdiction in New York if that party transacts business in New York, see § 302(1); committed a tort outside the state, the effects of which are felt in New York, see § 302(c)(2)-(3); or possesses real property in New York, see § 302(c)(4). Because the NJ Justices do not fit into any of these categories, the district court properly held that none of these bases for jurisdiction apply.
 
 
 22
 3. The district court granted the NYS Judges' motion to dismiss the claims against them for improper venue, pursuant to Fed.R.Civ.P. 12(b)(3). This court reviews that decision for improper venue for abuse of discretion. See Minnette v. Time Warner, 997 F.2d 1023, 1026 (2d Cir.1993).
 
 
 23
 On a motion to dismiss for improper venue, the plaintiff has the burden of establishing that it has chosen the proper venue. See Pocahontas Supreme Coal Co. v. National Mines Corp., 90 F.R.D. 67, 69 (S.D.N.Y.1981). 28 U.S.C. § 1391(b) is the venue statute applicable to federal question cases. The district court concluded that appellant failed to establish that venue in the Southern District of New York was proper under any of the three subdivisions of § 1391(b). Having reviewed the record, we may not say that this determination constitutes an abuse of discretion.
 
 
 24
 We have reviewed the remainder of appellant's claims and have determined that they are without merit.
 
 
 25
 Accordingly, the decision of the district court is AFFIRMED.
 
 
 
 *
 Of the United States District Court for the Eastern District of New York, sitting by designation