

Opinions of the United
States Court of Appeals
for the Third Circuit

2008 Decisions

9-11-2008

# Studio 45 v. Union

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2795

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Studio 45 v. Union" (2008). *2008 Decisions.* Paper 544.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/544

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No: 07-2795

STUDIO 45 DISCOTHEQUE, INC.;
EDUARDO GONZALEZ

v.

THE CITY OF UNION CITY; CHARLES EVERETT, Chief of Police;
CLEMENTE, Union City Police Officer; Sergeant MICHAEL FIGUEROA

(District of New Jersey D.C. 06-cv-01680)

STUDIO 45 DISCOTHEQUE, INC.;
EDUARDO GONZALEZ

v.

THE CITY OF UNION CITY; CHARLES EVERETT, Chief of Police;
Sergeant MICHEL FIGUEROA; JOHN DOE (1-10), being both a
fictitious designation and one or more police officers either
from the City of Union City or acting as agents for the City
of Union City but being officer under another jurisdiction
County of local government within the State of New Jersey;
JANE DOE (1-10), being both a fictitious designation and one
or more police officers either from the City of Union City or
acting as agents for the City of Union City but being officer
under another jurisdiction County of local government within
the State of New Jersey

(District of New Jersey Civil No. 06-cv-01681)

Studio 45 Discotheque, Inc., Eduardo Gonzalez,

Appellants

On Appeal from the United States District Court
for the District of New Jersey
District Court Nos. 06-cv-01680, 06-cv-01681
District Judge: The Honorable Faith S. Hochberg

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
September 9, 2008

Before: SCIRICA, *Chief Judge*, MCKEE,
and SMITH, *Circuit Judges*

(Filed:    September 11, 2008)

OPINION

SMITH, *Circuit Judge*.

Eduardo Gonzalez and his Studio 45 discotheque ("Studio 45") appeal from an

order by the United States District Court for the District of New Jersey granting summary

judgment in favor of defendants City of Union City and local police officers ("the City").

The District Court determined that New Jersey's entire controversy doctrine barred this

consolidated civil rights action, brought under 42 U.S.C. § 1983, because it was

sufficiently related to a previously filed § 1983 claim.  We will affirm.

There are two issues raised on appeal.  First, Studio 45 argues that the District

Court improperly granted summary judgment because it erroneously applied the entire

controversy doctrine, finding that the instant consolidated claim arose from the same set

2

of core facts as the prior state court action. In addition, Studio 45 challenges the application of the entire controversy doctrine in this case by contending that it is bad law. We reject this latter argument outright. The entire controversy doctrine remains the law of the state of New Jersey,[1] applicable in state court actions as well as cases requiring the application of New Jersey state law in this Court. *See, e.g.*, *Olds v. Donnelly*, 696 A.2d 633 (N.J. 1997); *DiTrolio v. Antiles*, 662 A.2d 494 (N.J. 1995); *Fields v. Thompson Printing Co.*, 363 F.3d 259 (3d Cir. 2004); *Bernardsville Quarry v. Borough of Bernardsville*, 929 F.2d 927 (3d Cir. 1991). Accordingly, we will address only the first issue. Our review of the District Court's order granting summary judgment is plenary.[2] *Morton Int'l, Inc. v. A.E. Stanley Mfg. Co.*, 343 F.3d 669, 679 (3d Cir. 2003).

Gonzalez was the owner and operator of Studio 45, a liquor licensed establishment in Union City, New Jersey that was used as a discotheque, dance club, and bar. In August of 2002, the City's Alcoholic Beverage Control Commission (ABC) suspended Studio 45's liquor license, citing 39 violations of ABC regulations. On April 17, 2003, the Union City Police Department was advised by the state Attorney General's office that the

---

[1] Rule 4:30A of the New Jersey Court Rules Governing Civil Practice in the Superior Court, Tax Court, and Surrogate's Court provides "[n]on-joinder of claims or parties required to be joined by the entire controversy doctrine shall result in the preclusion of omitted claims to the extent required by the entire controversy doctrine, except as otherwise provided by R. 4:64-5 (foreclosure actions) and R. 4:67-4(a) (leave required for counterclaims or cross-claims in summary actions)." N.J. COURT RULES, R. 4:30A (2008).

[2] The District Court had jurisdiction over the case pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1441, and we have appellate jurisdiction under 28 U.S.C. § 1291.

establishment remained subject to the regulations governing liquor licensed entities during the suspension of its license, including ordinances relating to permissible hours of operation. Studio 45 bases all of its claims upon official City and police action taken to enforce a regulation governing licensees, namely the City of Union City's municipal Ordinance 10-4.1,[3] in the months during which its liquor license was suspended.[4]

On November 19, 2003, Studio 45 filed its first complaint against the City in the Superior Court of New Jersey, alleging § 1983 violations stemming from the alleged wrongful closing of its establishment through the City's enforcement of Ordinance 10-4.1. This action was dismissed when the court granted the City's motions for summary judgment on August 11, 2005, November 29, 2005, and February 17, 2006.

During the pendency of that claim, Studio 45 brought a second § 1983 action against the City in the Superior Court of New Jersey on November 22, 2005. It filed a third complaint citing various § 1983 violations in the Superior Court on January 20,

---

[3] Ordinance 10-4.1 provides, in relevant part:

> No alcoholic beverages shall be sold, delivered to any consumer, or served to or consumed in any licensed premises between the hours of 2:00 a.m. and 7:00 a.m. on any day . . . except that any licensee having both an alcoholic beverage license and a restaurant license for the same premises, and any hotel or club licensee shall have the privilege of remaining open during the aforesaid prohibited hours for the purpose of carrying on their usual activities, except the sale of alcoholic beverages.

CITY OF UNION CITY, N.J. ORDINANCES §10-4.1. (2002).

[4] The suspended liquor license was permanently revoked upon a final order issued by the State of New Jersey Division of Alcohol Beverage Control on December 22, 2004.

4

2006. The facts alleged in these complaints against the City also claim that the City's efforts to enforce Ordinance 10-4.1 against Studio 45 were in violation of its civil rights. On April 7, 2006, after the dismissal of the first action, both pending Superior Court actions were removed to the federal District Court of New Jersey upon the City's request. These two claims were consolidated on July 31, 2006.

The District Court ruled that the entire controversy doctrine was triggered because the consolidated claim arose from the same set of core facts giving rise to Studio 45's first complaint. We agree. New Jersey's entire controversy doctrine exists to "assure that all aspects of a legal dispute occur in a single lawsuit." *Olds*, 696 A.2d at 637. The doctrine was codified to advance three goals: "(1) to encourage the comprehensive and conclusive determination of a legal controversy; (2) to achieve party fairness . . . and (3) to promote judicial economy and efficiency by avoiding fragmented, multiple, and duplicative litigation." *DiTrolio*, 662 A.2d at 508. Under the entire controversy doctrine, a party cannot withhold part of a controversy for separate later litigation even when the withheld component is a separate and independently cognizable cause of action. *Paramount Aviation Corp. v. Agusta*, 178 F.3d 132, 137 (3d Cir. 1999).

"In determining whether successive claims constitute one controversy for the purposes of the doctrine, the central consideration is whether the claims against the different parties arise from related facts or the same transaction or series of transactions." *Fields*, 363 F.3d at 265 (quoting *DiTrolio*, 662 A.2d at 502). The Supreme Court of New

Jersey explains:

> The test for whether claims are "related" such that they must be brought in a single action under the New Jersey entire controversy doctrine . . . [is] as follows: if parties or persons will, after final judgment is entered, be likely to have to engage in additional litigation to conclusively dispose of their respective bundles of rights and liabilities that derive from a single transaction or related series of transactions, the omitted components of the dispute or controversy must be regarded as constituting an element of one mandatory unit of litigation.

*DiTrolio*, 662 A.2d at 502 (citing *O'Shea v. Amoco Oil Co.*, 886 F.2d 584 (3d Cir. 1989)).

While we recognize that Studio 45 would like us to consider the actions of the City and the police on different dates to be discrete and independent factual grounds, it is clear that each instance was part of a continuing effort by the City to enforce its ordinance. On the face of each of its three complaints, Studio 45 cites collective police activity in its attempt to establish that the City acted in violation of its civil rights. While two instances of City action occurred after the filling of the initial complaint, this in and of itself does not defeat application of the entire controversy doctrine.

Given its preclusive effect on subsequent related claims, the doctrine is applied in conjunction with generous supplemental pleading procedures. If "a germane supplemental pleading were not allowed, 'the policy which favors the use of a single action to resolve all existing controversies between the parties is impaired, if not frustrated.'" *Brown v. Brown*, 506 A.2d 29, 34 (N.J. Super. Ct. App. Div. 1986) (quoting 2 *Schnitzer & Wildstein*, New Jersey Rules Service, A IV-409 (1954)). Studio 45's failure to amend its initial complaint to incorporate all related claims must result in their

6

preclusion. As the District Court correctly noted, the instant claims were filed while motions for summary judgment were pending in the prior state court action. Additionally, Studio 45 did not allege any facts in the subsequent complaints that were not within its knowledge during the pendency of the first state court action. Under New Jersey's entire controversy doctrine, Studio 45 was required to raise all claims rising from the City's enforcement of the ordinance in the first state action, amending its initial complaint if necessary. In light of its failure to do so, the claims are now appropriately barred.

Accordingly, we will affirm the judgment of the District Court.