**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 5, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

GEORGE L. MOTHERSHED,

Plaintiff-Appellant,

v.

STATE OF OKLAHOMA, ex rel.
Oklahoma Bar Association,

Defendant-Appellee.

No. 10-6067
(D.C. No. 5:10-CV-00199-F)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **HOLMES**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and **EBEL**, Circuit Judge.

Plaintiff George L. Mothershed appeals the district court's order dismissing his complaint in which he sought to vacate and set aside the Oklahoma Supreme Court's order disbarring him from the practice of law. We have jurisdiction under 28 U.S.C. § 1291, and we affirm for substantially the same reasons stated by the district court in its order dated March 10, 2010.

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mr. Mothershed's first federal district court complaint was filed on November 6, 2009, and was dismissed on February 10, 2001, as barred by the *Rooker-Feldman* doctrine.[1] Undeterred, on February 25, 2010, just two weeks following the district court's order dismissing his complaint, Mr. Mothershed filed a second complaint. Once again he asked the court to vacate and set aside the state-court disbarment order, tweaking his previous claims to allege that the disciplinary panel lacked jurisdiction, that he was denied equal protection, due process, and the presumption of innocence during the proceedings, and that Oklahoma's disciplinary rules are vague and overbroad. And once again, the court dismissed the complaint. In doing so, the court rejected Mr. Mothershed's legal arguments in his seventy-nine-page complaint that the *Rooker-Feldman* doctrine did not apply.

"We review the dismissal of a complaint for lack of subject-matter jurisdiction de novo." *Mann v. Boatright*, 477 F.3d 1140, 1145 (10th Cir. 2007). We have reviewed Mr. Mothershed's complaint and conclude that the district court properly dismissed the complaint for lack of jurisdiction under the *Rooker-Feldman* doctrine. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (holding that the *Rooker-Feldman* doctrine prevents the lower federal courts from exercising jurisdiction over cases brought by

---

[1]    *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

"state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments"). As the court explained, and we agree, Mr. Mothershed's "complaint . . . seeks to set aside and vacate the . . . order of disbarment. . . . This is precisely the type of claim encompassed by the Rooker-Feldman doctrine." Aplt. App. at 3-4. The court also correctly held that it lacked jurisdiction over the constitutional claims under *Rooker-Feldman* because they "are inextricably intertwined with disbarment order." Aplt. App. at 4, citing *Mann*, 477 F.3d at 1147; *Erlandson v. Northglenn Mun. Court*, 528 F.3d 785, 790 (10th Cir. 2008).[2]

The judgment of the district court is AFFIRMED. Mr. Mothershed's motion to modify the record is DENIED.

Entered for the Court


David M. Ebel
Circuit Judge

---

[2] Mr. Mothershed mistakenly relies on *England v. Louisiana State Board of Medical Examiners*, 375 U.S. 411 (1964), and similar cases for his argument that the district court erred in dismissing the complaint. These cases concern the doctrine of abstention – not subject matter jurisdiction.