**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 09-4538

_____

THOMAS P. JASIN,

Appellant

v.

MICHAEL, BEST & FRIEDRICH, LLP

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
District Court  No. 5-09-cv-00748
District Judge: The Honorable Lawrence F. Stengel

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
January 27, 2011

Before: McKEE, *Chief Judge*, and SMITH, *Circuit Judge*,
and STEARNS, *District Judge*[*]

(Filed: February 1, 2011)

_____

OPINION

_____

STEARNS, *District Judge.*

During the 1980's, Thomas P. Jasin was a high-ranking officer of ISC Technologies,

_____

[*] The Honorable Richard G. Stearns, United States District Judge for the United States District Court of Massachusetts, sitting by designation.

a Pennsylvania-based company that supplied military equipment to customers in the United States and abroad. On October 30, 1991, a federal grand jury in the Eastern District of Pennsylvania indicted Jasin and others in connection with an alleged arms smuggling conspiracy. Jasin retained Garr Steiner, an attorney with the Wisconsin-based law firm Michael, Best, and Friedrich, LLP (Michael Best), to represent him at trial. On December 10, 1992, a jury found Jasin guilty of one count of conspiring to circumvent the then imposed United States arms embargo against South Africa.

In the ensuing months, Jasin filed motions for a new trial and/or a judgment of acquittal. Both motions were denied. In July of 1993, Jasin and Steiner ended their attorney-client relationship, and Jasin retained another attorney to represent him at sentencing. In 1998, the District Court sentenced Jasin to twenty-four months in prison.

On February 12, 2001, Jasin filed a motion in the District Court pursuant to 28 U.S.C. § 2255, seeking to vacate his sentence on the basis of Steiner's allegedly ineffective assistance at trial. In August of 2002, after Jasin had served twenty months of his sentence, the District Court (Judge DuBois) granted the § 2255 motion in part and vacated Jasin's conviction, finding that Steiner had failed to investigate, interview, and call at trial a number of witnesses who would have been helpful to Jasin's good faith defense. *See United States v. Jasin*, 215 F. Supp. 2d 552 (E.D. Pa. 2002).

On January 2, 2004, Jasin filed a complaint against Michael Best in the United States District Court for the Eastern District of Wisconsin, alleging professional malpractice and

2

breach of contract.[1]  The Wisconsin federal court dismissed Jasin's lawsuit for lack of complete diversity.  Jasin re-filed the case in the Wisconsin state court.  Michael Best then moved for summary judgment, arguing that Jasin's claims were barred by the statute of limitations.  Jasin, for his part, argued that the court should apply the "exoneration rule," under which a statute of limitations for a malpractice action does not begin to run until the date of exoneration (in Jasin's case, August of 2002).  Jasin also argued that Michael Best should be equitably estopped from asserting a statute of limitations defense because Steiner allegedly concealed his professional incompetence.

On October 5, 2006, the Wisconsin trial court granted Michael Best's motion for summary judgment.  The Wisconsin court applied Pennsylvania's limitations period for professional malpractice (two years), measured from the time of the termination of the attorney-client relationship (in Jasin's case, July of 1993), and held that Jasin's claim was time-barred.  The Wisconsin Court of Appeals subsequently affirmed the trial court's ruling. In its opinion, the Court of Appeals noted that the trial court had not explicitly addressed Jasin's equitable estoppel argument; however, by not calling this omission to the trial court's attention, Jasin failed to preserve the issue for appeal.  Jasin filed a motion for reconsideration with the Court of Appeals, which was denied.  He then appealed to the Wisconsin Supreme Court, which denied his petition for further review on February 21, 2008.

On January 22, 2009, Jasin filed a third malpractice action against Michael Best, this

---

[1] Steiner, who was by then deceased, was not named as a defendant.

3

time in the Court of Common Pleas of Philadelphia County. On February 19, 2009, Michael

Best removed the action to the United States District Court for the Eastern District of

Pennsylvania on the basis of diversity jurisdiction. Michael Best then moved for summary

judgment, arguing that Jasin's suit was now barred by res judicata as well as by the statute

of limitations. On November 2, 2009, Judge Stengel granted Michael Best's motion on res

judicata grounds. The District Court held that *Hartmann v. Time, Inc.*, 166 F.2d 127 (3d Cir.

1947), did not control and that Wisconsin preclusion principles applied. The District Court

interpreted Wisconsin law as treating an adjudication on statute of limitations grounds as a

disposition on the merits, and therefore concluded that the principles of res judicata barred

Jasin's Pennsylvania lawsuit. Jasin, now proceeding pro se,[2] brings this appeal of the District

Court's order.[3]

Jasin argues that the District Court erred in applying Wisconsin law in determining

the res judicata effect of the Wisconsin state court judgment. Relying on *Hartmann*, Jasin

contends that Pennsylvania preclusion law, which does not view a dismissal on limitations

grounds as a final judgment on the merits, should govern. *Hartmann*, however, predates the

Supreme Court's decision in *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75

(1984). *Migra* held that "[i]t is now settled that a federal court must give to a state-court

_____

[2] Although proceeding without counsel, Jasin has filed an able and comprehensive appellate brief.

[3] The District Court exercised jurisdiction pursuant to 28 U.S.C. § 1332. Appellate jurisdiction exists under 28 U.S.C. § 1291. We give plenary review to a District Court's entry of summary judgment. *Specialty Surfaces Int'l, Inc. v. Cont'l Cas. Co.*, 609 F.3d 223, 229 n.1 (3d Cir. 2010).

judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Id.* at 81. *See also Walker v. Horn*, 385 F.3d 321, 337 (3d Cir. 2004); *Bernardsville Quarry v. Borough of Bernardsville*, 929 F.2d 927, 929 (3d Cir. 1991); *Gregory v. Chehi*, 843 F.2d 111, 116 (3d Cir. 1988). Thus, there is no error in the District Court's application of Wisconsin preclusion law.

We next turn to whether the District Court erred in concluding that under Wisconsin preclusion principles, the Wisconsin state court judgment bars the instant action. Under Wisconsin law, a subsequent action is barred by res judicata when three factors are present: "(1) identity between the parties or their privies in the prior and present suits; (2) prior litigation resulted in a final judgment on the merits by a court with jurisdiction; and (3) identity of the causes of action in the two suits." *Sopha v. Owens-Corning Fiberglas Corp.*, 601 N.W.2d 627, 637 (Wis. 1999) (citing *N. States Power Co. v. Bugher*, 525 N.W.2d 723 (Wis. 1995)). The District Court concluded that all three factors were met here: the parties, Jasin and Michael Best, are the same in both actions; the Wisconsin state court action resulted in a final judgment on the merits;[4] and the cause of action, professional malpractice,

---

[4] Under Wisconsin law, a dismissal on statute of limitations grounds has the effect of extinguishing rights as well as remedies. Wis. Stat. § 893.05 ("When the period within which an action may be commenced on a Wisconsin cause of action has expired, the right is extinguished as well as the remedy."). This rule applies not only to causes of action arising out of injuries that occur in Wisconsin, but also to causes of action arising out of injuries that occur outside of Wisconsin. *See* Wis. Stat. § 893.07, Judicial Council Committee's Note. The running of a statute of limitations thus extinguishes all aspects of a cause of action. To the extent that there are unanswered subtleties regarding the operation of the statute, we leave these to the Wisconsin courts to decipher.

is the same in both suits. We do not disagree.

Finally, Jasin argues that the Wisconsin judgment is not entitled to full faith and credit because the Wisconsin courts did not afford him due process of law. Specifically, Jasin contends that he did not have a full and fair opportunity to raise his equitable estoppel claim in the Wisconsin courts. To qualify for full faith and credit under 28 U.S.C. § 1738, "state proceedings need do no more than satisfy the minimum procedural requirements of the Fourteenth Amendment's Due Process Clause." *Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 481 (1982). The essential elements of due process consist of: "(1) notice of the basis of the governmental action; (2) a neutral arbiter; (3) an opportunity to make an oral presentation; (4) a means of presenting evidence; (5) an opportunity to cross-examine witnesses or to respond to written evidence; (6) the right to be represented by counsel; and (7) a decision based on the record with a statement of reasons for the result." *Rogin v. Bensalem Twp.*, 616 F.2d 680, 694 (3d Cir. 1980). As Judge Stengel noted, Jasin was provided with all of these elements, as well as a full and fair opportunity for appellate review.

Because we find no error in the determination that Jasin's lawsuit is barred on grounds of res judicata, we will affirm the judgment of the District Court.