**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

GEORGE L. MOTHERSHED,

  Plaintiff–Appellant,

v.

STATE OF OKLAHOMA, ex rel.
Oklahoma Bar Association,

  Defendant–Appellee.

No. 11-6329
(D.C. No. 5:10-CV-00199-F)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **O'BRIEN**, and **MATHESON**, Circuit Judges.

George Mothershed appeals the denial of his motion to overturn a final judgment

under Fed. R. Civ. P. 60(b). Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

**I**

Mothershed sued the State of Oklahoma in federal court seeking to vacate and set

---

 * The case is unanimously ordered submitted without oral argument pursuant to
Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. The court generally disfavors the citation of orders and judgments;
nevertheless, an order and judgment may be cited under the terms and conditions of 10th
Cir. R. 32.1.

aside a state court order disbarring him from the practice of law.  His initial action was dismissed under the Rooker-Feldman doctrine, which bars consideration of "a complaint filed in a federal district court that seeks review and reversal of a state-court judgment." Erlandson v. Northglenn Mun. Court, 528 F.3d 785, 789 (10th Cir. 2008); see also Rooker v. Fid. Trust Co., 263 U.S. 413 (1923); D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983).  Mothershed then filed a second complaint seeking the same relief coupled with a number of federal constitutional claims.  Once again, the case was dismissed for lack of jurisdiction under Rooker-Feldman because the constitutional claims were "inextricably intertwined" with the disbarment order.  See PJ ex rel. Jensen v. Wagner, 603 F.3d 1182, 1193 (10th Cir. 2010) (quotation omitted).  We affirmed on appeal, see Mothershed v. Okla. ex rel. Okla. Bar Ass'n, 390 F. App'x 779 (10th Cir. 2010) (unpublished), and the Supreme Court denied certiorari, 131 S. Ct. 664.

After failing in federal court, Mothershed filed a complaint with the Oklahoma Supreme Court seeking to vacate his disbarment, but was denied relief.  State ex rel. Okla. Bar Ass'n v. Mothershed, 264 P.3d 1197 (Okla. 2011).  Mothershed then returned to federal court in an unsuccessful attempt to reopen his previously dismissed case under Fed. R. Civ. P. 60(b) and 59(e).  Mothershed now appeals the district court's denial of his Rule 60(b) motion.

## II

"We review for abuse of discretion a district court's denial of a Rule 60(b) motion, keeping in mind that Rule 60(b) relief is extraordinary and may only be granted in

exceptional circumstances." Dronsejko v. Thornton, 632 F.3d 658, 664 (10th Cir. 2011) (quotation omitted).

On appeal, Mothershed raises a plethora of issues premised on the theory that he is permitted to pursue remedies in a federal forum because he filed an England reservation in state court after his federal claims were dismissed on Rooker-Feldman grounds. See England v. La. Bd. of Med. Examiners, 375 U.S. 411, 420-422 (1964). Specifically, he asserts that the England reservation ripened his right to seek relief in federal court once his state law claims were adjudicated by the Oklahoma Supreme Court. We disagree.

Mothershed advanced his England claims in the first appeal. We concluded that England and its progeny "concern the doctrine of abstention – not subject matter jurisdiction." Mothershed, 390 F. App'x 779, 780 n.2; see also Bernardsville Quarry v. Bernardsville, 929 F.2d 927, 929 (3d Cir. 1991) ("[A]n England reservation only applies where the district court abstains."). In so holding we rejected the argument that England was applicable to this case, which was properly dismissed for lack of jurisdiction under Rooker-Feldman. This determination controls our analysis under the law of the case doctrine. McIlravy v. Kerr-McGee Coal Corp., 204 F.3d 1031, 1034 (10th Cir. 2000) ("The law of the case doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case."[1] Because we have already determined that England has no application to this

_____

[1] Although there are exceptions to this doctrine, see id., none apply here.

action, the district court acted within its discretion in denying Mothershed's <u>England</u>-based Rule 60(b) motion.

## III

We **AFFIRM** the district court's denial of Mothershed's 60(b) motion and **DENY** his motion to expedite.

Entered for the Court


Carlos F. Lucero
Circuit Judge