FILED
United States Court of Appeals
Tenth Circuit

October 25, 2012

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

SYLVIA A. SEGLER,

    Plaintiff - Appellant,

v.

THE ROSS MANAGEMENT GROUP,
INC.; MARY CELESTE, in her
Official Capacity as County Court
Judge of Denver County Court,

    Defendants - Appellees.

No. 12-1235
(D.C. No. 1:12-CV-01440-LTB)
(D. Colo.)

---

ORDER AND JUDGMENT[*]

---

Before **KELLY**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.[**]

---

Plaintiff-Appellant Sylvia A. Segler, proceeding pro se, appeals from the

district court's order dismissing her 42 U.S.C. § 1983 civil rights complaint.  Ms.

Segler alleges that she was unlawfully evicted from her residence in violation of

her Fourteenth Amendment rights.  She named as Defendants the management

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal.  See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G).  The cause is therefore ordered submitted without oral argument.

company and a state court judge who issued various orders and denied her an appeal bond waiver. The district court dismissed her complaint for lack of jurisdiction, citing the Rooker-Feldman doctrine. See D.C. Court of Appeals v. Feldman, 460 U.S. 462, 486 (1983); Rooker v. Fid. Trust Co., 263 U.S. 413 (1923). It also held that the state court judge had absolute immunity.

On appeal, Ms. Segler alleges that the steps leading to her eviction and the denial of an appeal bond waiver were in violation of Colorado law and violated her federal due process rights. She argues that the state court never entered a judgment so the Rooker-Feldman doctrine does not apply. She further argues that absolute judicial immunity does not extend to injunctive relief sought in civil rights suits.

The Rooker-Feldman doctrine generally denies federal courts jurisdiction to adjudicate claims seeking the review of state court judgments. Erlandson v. Northglenn Mun. Court, 528 F.3d 785, 789 (10th Cir. 2008). The Supreme Court has narrowed the application of the Rooker-Feldman doctrine, and it does not apply to claims independent of a state court judgment, for example, that a state court procedure which produced the judgment is unconstitutional. Skinner v. Switzer, 131 S. Ct. 1289, 1297 (2011). It still applies, however, to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi

Basic Indus. Corp., 544 U.S. 280, 284 (2005). The only federal court with jurisdiction to review the final judgments of state courts is the United States Supreme Court. Erlandson, 528 F.3d at 789 n.4.

It appears to us that Ms. Segler is indeed challenging orders of the state court, R. 26–27, and attempting to undo those orders. As part of her relief, she seeks a judgment which dismisses the county court eviction proceedings and withdraws the writ of restitution for noncompliance with Colorado law. Aplt. Br. 9. Such challenges are barred by Rooker-Feldman. See Dillard v. Bank of N.Y., 476 F. App'x 690, 692 n.3 (10th Cir. 2012). We recently considered whether claims in which the plaintiff claimed due process violations and excessive fines (based upon the imposition of an appeal bond) were barred by Rooker-Feldman. We concluded that such claims were based upon the alleged invalidity of a state court order and concluded that the content of the order was under attack. Campbell v. City of Spencer, 682 F.3d 1278, 1284–85 (10th Cir. 2012). Because Ms. Segler's claims are based on the alleged invalidity of the state court order, Rooker-Feldman bars them.

Finally, the fact that Ms. Segler's claims involve injunctive relief does not insulate them from Rooker-Feldman. See Mann v. Boatright, 477 F.3d 1140, 1147 (10th Cir. 2007). Accordingly, it is unnecessary to consider Ms. Segler's argument that judicial immunity is inapplicable here because she is seeking injunctive relief.

AFFIRMED.  The motion to proceed in forma pauperis is GRANTED.


Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge