**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 1, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

GEORGE L. MOTHERSHED,

      Plaintiff - Appellant,

v.

STATE OF OKLAHOMA, ex rel.
Oklahoma Bar Association; STEVEN W.
TAYLOR, Honorable Chief Justice in his
official and individual capacity; TOM
COLBERT, Honorable Vice–Chief Justice
in his official and individual capacity;
JAMES E. EDMONDSON, Honorable
Justice in his official and individual
capacity; JAMES R. WINCHESTER,
Honorable Justice in his official and
individual capacity; YVONNE KAUGER,
Honorable Justice in her official and
individual capacity; DOUGLAS L.
COMBS, Honorable Justice in his official
and individual capacity; JOSEPH M.
WATT, Honorable Justice in his official
and individual capacity; JOHN F. REIF,
Honorable Justice in his official and
individual capacity,

      Defendants - Appellees.

No. 14-6044
(D.C. No. 5:13-CV-00435-C)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

   [*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Before **HARTZ**, **McKAY**, and **MATHESON**, Circuit Judges.

_____

After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore ordered submitted without oral argument.

In this pro se appeal, as in other litigation he has pursued in this court and elsewhere, Plaintiff George Mothershed (a former Oklahoma attorney) raises claims regarding his 2003 disbarment by the Oklahoma Supreme Court. In his previous appeals to this court, we affirmed the dismissal of his claims pursuant to the *Rooker-Feldman* doctrine. *See Mothershed v. Okla. ex rel. Okla. Bar Ass'n*, 463 F. App'x 777 (10th Cir. 2012); *Mothershed v. Okla. ex rel. Okla. Bar Ass'n*, 390 F. App'x 779 (10th Cir. 2010). Plaintiff contends his complaint in the instant litigation should nonetheless have been permitted to proceed because he is now raising claims that fall outside the *Rooker-Feldman* doctrine: general constitutional challenges to the validity of the state's rules and procedures for regulating the practice of law, rather than specific challenges to the Oklahoma Supreme Court's judgment in his disbarment proceeding. Among other things, Plaintiff argues the Oklahoma Supreme Court may not constitutionally regulate the practice of law based on the principles of separation of powers, non-delegability of legislative functions, and the "common law" as enacted in 1275 by the "English Parliamentary enactment of First Statute of Westminster, 3 Edw. 1, ch. 29 (1275)."

(Appellant's Opening Br. at 48; *see also id.* ("After enactment of the First Statute of Westminster under the common law the sole authority and power to establish professional standards for the practice of law originates from a legislative or statutory grant of police power.").)

The *Rooker-Feldman* doctrine bars "cases brought by state-court losers complaining of injuries caused by state-court judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). "In other words, an element of the claim must be that the state court wrongfully entered its judgment" in order for *Rooker-Feldman* to apply. *Campbell v. City of Spencer*, 682 F.3d 1278, 1283 (10th Cir. 2012). The *Rooker-Feldman* doctrine does not bar a plaintiff from raising the same legal issues in federal court that have previously been decided in a state court, so long as the alleged constitutional wrong is based on an independent act of the defendant, and not a decision by the state court. *Id.* at 1283-85. However, where "claims are based on the alleged invalidity of the state court order, *Rooker-Feldman* bars them." *Segler v. Ross Mgmt. Grp., Inc.*, 485 F. App'x 980, 981 (10th Cir. 2012).

Plaintiff's claim in this case is, at heart, a claim that he was wronged by the Oklahoma Supreme Court's decision to disbar him, allegedly in violation of the constitutional limits on that court's authority and jurisdiction. His claim is "based on the alleged invalidity of the state court order," not some independent wrongful act, and it is therefore barred by the *Rooker-Feldman* doctrine. *Id.* Moreover, even if we were to hold that Plaintiff's challenge to the Oklahoma Supreme Court's disbarment authority falls

outside the scope of *Rooker-Feldman*, we would not find Plaintiff entitled to relief on the merits of this claim.

We **AFFIRM** the district court's dismissal of the case. For substantially the same reasons stated by the district court, we also **AFFIRM** the district court's imposition of pre-filing restrictions. In the future, Plaintiff will be subject to the pre-filing restrictions detailed in the district court's order.

All pending motions are **DENIED**.

Entered for the Court


Monroe G. McKay
Circuit Judge